IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL WOOD, 1534713, )  | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | No. 3:10-CV-112-K |
| ) | | |
| CITY OF DALLAS, ET AL., ) | | |
| Defendants. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. PARTIES

Plaintiff is an inmate in the Hutchins State Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are the City of Dallas and Dallas Security Officers Pritchett and Rubalcado. No process has issued pending judicial screening.

### II. FACTUAL BACKGROUND

Plaintiff alleges Officers Pritchett and Rubalcado beat and choked him while he was restrained. He states the beating and choking resulted in discoloration of his face and neck. He seeks an investigation of these officers and/or that the officers' employment be terminated.

**II. DISCUSSION**

    **1.**    **Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Applying the screening procedures to Plaintiff's complaint, the Court finds Plaintiff's complaint should be dismissed as barred by limitations.

**2.**    **Statute of Limitations**

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page 2

(5th Cir. 1998).

In this case, Plaintiff states Defendants assaulted him on February 13, 2007. (*See* Magistrate Judge's Questionnaire, Answer No. 1). Plaintiff did not file this complaint until January 19, 2010. Plaintiff's claims should therefore be dismissed as barred by limitations.

## RECOMMENDATION

The Court recommends that Plaintiff's filed pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as barred by limitations.

Signed this 18th day of May, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page 4